

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-10-2005

# USA v. Santos

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4768

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Santos" (2005). *2005 Decisions.* Paper 712.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/712

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 04-4768 & 05-1244

_____

UNITED STATES OF AMERICA

v.

JULIO ALBERTO SANTOS,

Appellant in No. 04-4768

UNITED STATES OF AMERICA

v.

JULIO ALBERTO SANTOS,
also known as Rev. Roberto Figueroa

Julio Alberto Santos,

Appellant in No. 05-1244

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Nos. 04-286 & 04-418)
District Judge: Honorable Mary A. McLaughlin

_____

Submitted pursuant to Third Circuit LAR 34.1(a)
on July 11, 2005

Before: ALITO and BECKER, <u>Circuit Judges</u>, and SHADUR, <u>District Judge</u>[*]

(Filed : August 10, 2005)

_____

[*]     Honorable Milton I. Shadur, United States District Judge for the Northern District of
Illinois, sitting by designation.

OPINION OF THE COURT

SHADUR, <u>District Judge</u>

Julio Alberto Santos ("Santos") was originally named in an indictment charging him with illegal reentry into the United States after deportation, in violation of 8 U.S.C. §§1326(a) and (b)(2). He was later charged by a separate criminal information with one count of escape in violation of 18 U.S.C. §751. After the two cases were consolidated for disposition, the grand jury returned a superseding indictment that again charged Santos with illegal reentry and added (1) a notice of prior conviction, asserting that Santos had illegally reentered the United States after being convicted of two aggravated felonies, and (2) a notice of an additional sentencing factor as referred to in U.S.S.G. §2L1.2(b)(1)(A)(i)--one that charged Santos with having previously been deported after a conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months.

Santos entered a plea of guilty to the charges of illegal reentry and escape, but he made no admissions concerning his criminal history during the plea colloquy. Accordingly, at sentencing he objected to the use of prior convictions to enhance his sentence as an asserted violation of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). Observing that it was bound by the rule of <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), the District Court overruled his objection. That permitted the use of Santos' prior convictions for sentencing purposes, which effectively led to an increase in the statutory maximum sentence for the illegal reentry offense from two years' incarceration under 8 U.S.C. §1326(a) to 20 years' incarceration under 8 U.S.C.

§1326(b)(2). Santos was sentenced to 70 months' incarceration on the illegal reentry count and 60 months' incarceration on the escape count (to run concurrently), 3 years' supervised release, a $200 special assessment and a $500 fine.

Santos appeals his sentence under United States v. Booker, 543 U.S. ---, 125 S.Ct. 738 (2005) and challenges specifically the use of prior convictions whose existence he did not admit to enhance his sentence. Because we have held in United States v. Ordaz, 398 F.3d 236, 241 (3d Cir. 2005) that Almendarez-Torres remains good law after Booker, it was appropriate for the District Court to have considered Santos's prior conviction in deciding to sentence him under 8 U.S.C. §1326(b)(2). But as we have ruled in United States v. Davis, 407 F.3d 162 (3d Cir. 2005)(en banc), the remaining issues that Santos raises, and in particular the appropriate sentence when the Sentencing Guidelines are properly treated as advisory rather than mandatory, are best determined by the District Court in the first instance. Hence we VACATE Santos' sentence and REMAND for resentencing in accordance with Booker, pursuant to our decision in Davis.